**Leonard H. CUTSHALL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13439.**

United States Court of Appeals
Sixth Circuit.

March 4, 1958.

678

- Hobart F. Atkins, Knoxville, Tenn., A. E. Leake, Marshall, N. C., on brief, for appellant.

John F. Dugger, Asst. Dist. Atty., Knoxville, Tenn., John C. Crawford, Jr., James M. Meek, Asst. Dist. Atty., Knoxville, Tenn., on brief, for appellee.

Before ALLEN and MILLER, Circuit Judges, and JONES, District Judge.

PER CURIAM.

The appellant was one of three convicted of possessing and concealing distilled spirits on which taxes imposed by the internal revenue laws had not been paid, in violation of Sections 5008(b) and 5632 of the Internal Revenue Code. [26 U.S.C. §§ 5008(b) and 5632.]

Appellant complains here of three erroneous matters alleged to have occurred in the trial of the case. The first two of the questions made the subject of appeal relate to rulings on evidence; one of the two is directed to the rejection of tendered proofs; the second to the extension of cross questioning, seasonably objected to, in respect of previous criminal conduct. The third question asserts erroneous instruction by the court in several respects.

It is a rule of evidence that a presumption of violation of such laws as those under which the appellant was indicted, tried and convicted, may arise from the finding of liquor on premises of which the defendant has possession or control. Government Agent Ferguson's testimony left a strong inference that the appellant owned or had control over the premises. He even stated that he always knew it as Cutshall's place, and that he was always told it belonged to L. H. Cutshall. In such situation the defendant should have the right to rebut such presumption by tendering evidence that he is not the owner of and has neither possession nor control over the property where the liquor was found.

The defendant was trying to establish an alibi and under the foregoing rule he might be found guilty even though not on the premises or present at the time the liquor was handled. It seems to us that it might become very material to the defense whether Cutshall had any interest in, or control over, the property where the offense occurred. While we think counsel for the appellant did not press the matter of his tender as he should, yet the critical and emphatic language of the court, before the jury, in rejecting the proffered evidence as immaterial may have justified counsel's reluctance to engage in further argument and effort before the jury.

We think the action of the trial court respecting the proffered proof as to ownership of the premises denied to the appellant a substantial right to meet the permissible presumption against him arising from Agent Ferguson's testimony and thus is reversible error.

The second of the two charges of error in respect of evidence is specifically based upon the appellant's objections to the questions propounded by the United States Attorney in cross examination of appellant, set out in detail in appellant's brief, such as:

Page 96a:

"Q. That little building is a good place to store liquor, isn't it, L. H?

"Mr. Atkins: Your Honor, I submit that is not a proper question. It goes into the element of speculation.

"The Court: Well, this is cross examination. Let him answer if he can."

Page 100a:

"Q. L. H., how many times have you been in the federal penitentiary for violation of the liquor laws?

"Mr. Atkins: That question is objected to, your Honor, about being in the penitentiary. That is objected to.

"By Mr. Meek:

"Q. Well, how many times have you been convicted in the Federal Court for handling whiskey or making or transporting it?"

Page 102a:

"By Mr. Meek:

"Q. In 1954, weren't you convicted in Madison County—

"By The Witness: A. No.

"Q. (Continuing)—in the United States District Court in Asheville, North Carolina, and received another sentence and a big fine? A. No, sir. I never been in no court but this one.

"Q. Well, where was it that you were convicted in 1954 and received a six-months sentence and a $1,000 fine?"

In two or three instances it does not appear from the record that the trial judge ruled on objections, but the prosecutor re-framed other questions, just as objectionable, upon which no ruling was made. We think this type of cross examination goes beyond any rule supported by any authority of which we have knowledge,—and objection to it, seasonably made, should have been sustained. It was error to have failed to do so.

■ This is not to curtail the Government's right to shake the credibility of the defendant who has taken the stand in his own defense, but where previous convictions are relied upon they must be specifically called to the witness' attention and limited to questions related to specific convictions for felonies. Henderson v. United States, 6 Cir., 202 F.2d 400, pages 405–406 discussion and cases cited therein.

■ Some examples of portions of the court's charge objected to may be stated. At one point the court charged that "if the jury is *convinced* from the evidence that it created a reasonable doubt as to the guilt of the defendant * * *" (emphasis added), a verdict of not guilty should be returned. This instruction tends to put the burden upon the defendant and is not in accordance with the rule respecting the entertainment of a reasonable doubt.

■ Another example to be found in the court's charge, when supplemental instructions were given to the jury at the end of the trial is as follows: "If the jury finds from the evidence, or if the jury has a reasonable doubt from the evidence as to whether these two defendants were in jail in Marshall, North Carolina, at the time Officer Ferguson states that he found this whiskey and saw them, why, they would not be guilty of the charges contained in this indictment, or either of them." The question of reasonable doubt should have related to whether the defendant was present at the scene of the offense where Officer Ferguson testified he saw him, not whether defendant was at Marshall, North Carolina.

There are other instances which appellant's counsel, by brief, have referred to as erroneous. These several grounds of error in the court's charge have been fully considered and while we think the charge of the court in three or four respects was unclear and not responsive to the requirements of the issues and the legal rules in criminal cases, yet counsel's failure specifically and adequately to state his objections or preserve exceptions renders it unnecessary for us to reverse upon the ground of the erroneous instructions complained of. This action seems the more justified since, upon retrial of the case the court can note the objections to such charges as are asserted to be erroneous, with particular reference to the application of rules as to alibi, reasonable doubt and the rule respecting the presumption arising from alleged ownership of the premises, when

proof in that respect is tendered and received, as we think it should be.

Accordingly, the judgment of the district court will be reversed and the case remanded for new trial.